UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL WAYNE ROUNDTREE,

    Petitioner,

v.                                            Case No. 3:16-cv-713-J-32JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

### I. Status

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) on June 7, 2016.[1] He challenges a 2013 state court (Duval County) judgment of conviction for burglary of a dwelling. He is serving a 10-year term of imprisonment. Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Motion to Dismiss (Doc. 12); Exhibits (Doc. 13) (Ex.). Petitioner declined to file a reply. See Notice (Doc. 15). The case is ripe for review.[2]

---

[1] The Court applies the mailbox rule to Petitioner's pro se filings. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

will not be conducted.

## III. Analysis

On September 11, 2013, Petitioner was charged by Amended Information with burglary of a dwelling. The case proceeded to a jury trial, which resulted in a hung jury. The circuit court declared a mistrial. On November 14, 2013, pursuant to a plea of guilty and negotiated sentence, Petitioner pled guilty and was sentenced to 10 years in prison. Ex. D. Petitioner did not file a direct appeal; therefore, his conviction became final thirty days later on December 16, 2013.[3] The following day, December 17, 2013, Petitioner's federal one-year period of limitations began to run, and it ran through its expiration on December 17, 2014, without the filing of any tolling motions. While Petitioner filed motions after the expiration of the one-year limitations period, those motions did not revive the already-expired limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Thus, the Petition is untimely filed.

It is well-settled that "[w]hen a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S. Ct. 830 (2017). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell,

---

[3] The thirtieth day was Saturday, December 14, 2013, so the Court uses the following Monday.

587 F.3d 1304, 1308 (11th Cir. 2009), cert. denied, 138 S. Ct. 1042 (2018). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

>In an attempt to excuse his untimeliness, Petitioner argues:
>
>> Due to fundamental error on the face of the record[,] I'm allowed to file this petition. It's a Double Jeopardy Right violation which is clear on the face of the record. My trial attorney explained to me that I am waiving my right to appeal my plea-deal, the adjudication and sentencing on burglary. Which I never waived my right, expressly per the record, to attack the adjudication and sentence. Therefore after being imprisoned for 2 years plus[,] I have tried through due dilligence [sic] to educate myself to this miscarriage of justice. It has taken me all of this time to diligently discover the truth, which happened less than 3 months ago. I then wrote and submitted a 3.800 Correct Illegal Sentence petition. Per Florida Rule of Appellate Procedure after 60 days it is considered denied. I'm illegally being held here and I ask this honorable court to allow this petition.

Petition at 14 (some capitalization omitted). Petitioner's assertions are insufficient to warrant the extraordinary remedy of equitable tolling, and he has not alleged or made a sufficient showing to warrant application of the actual innocence exception. Because Petitioner has

failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him, this case is due to be dismissed with prejudice as untimely.[4]

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely filed.

2. The Clerk shall enter judgment dismissing the case with prejudice and close the file.

3. If Petitioner appeals, the Court denies a certificate of appealability.[5] The Clerk shall terminate any motion to proceed on appeal as a pauper that may be filed in this case.

---

[4] Petitioner raises one ground in the Petition based on double jeopardy. He claims that the jury found him guilty of the lesser-included offense of trespass. Contrary to Petitioner's contention, the jury did not reach a verdict in his case. Petitioner raised this claim in an untimely postconviction motion. The circuit court recognized it was untimely, but ultimately denied the motion on the merits. Ex. Q at 40-43. Petitioner appealed, and the First District Court of Appeal per curiam affirmed the denial of postconviction relief without issuing a written opinion. See Roundtree v. State, 236 So. 3d 327 (Fla. 1st DCA 2017). Regardless of the untimeliness of the Petition, Petitioner is not entitled to federal habeas relief on the basis of this claim.

[5] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/18
c:
Michael Roundtree, #M15381
Counsel of Record